UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HILL ) | NO. CV 05-8340-CT |
| ) | |
| Plaintiff, ) | OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security (the "Commissioner") for further administrative action consistent with this order.

## SUMMARY OF PROCEEDINGS

On November 28, 2005, plaintiff, Leslie Hill ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On February 19, 2005, the parties filed a consent to proceed before the magistrate judge. On March 8, 2006, plaintiff filed a brief in support of the complaint. On April 23, 2006 the Commissioner filed a brief in opposition to the relief requested in the complaint. On April 24, 2006,

plaintiff filed a reply in support of the complaint and in opposition to defendant's brief.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On May 20, 2003, plaintiff filed an application for disability insurance benefits, alleging disability since January 6, 2003 due to depression, suicidal ideation, irritable bowel syndrome, acid reflex disease and decaying teeth. (TR 52-54, 77).[1] The application was denied initially and upon reconsideration. (TR 28, 34).

On November 24, 2003, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 38). On June 24, 2004, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 585-612). The ALJ also considered vocational expert ("VE") testimony. On December 11, 2004, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits. (TR 19-25). On January 20, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 13). On September 24, 2005, the request was denied. (TR 5-8). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and order and, except as otherwise noted, materially summarizes the evidence

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

1  in the case.

## PLAINTIFF'S CONTENTIONS

Plaintiff raises only one issue. He contends that the ALJ erred by failing to properly consider the opinion of the state agency psychiatric consultant and therefore improperly found that plaintiff's mental impairment was non-severe.

## STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g).

## DISCUSSION

1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted

1 or can be expected to last for a continuous period of not less than 12
2 months." 42 U.S.C. §423(d)(1)(A).
3     The Commissioner has established a five-step sequential evaluation
4 for determining whether a person is disabled. First, it is determined
5 whether the person is engaged in "substantial gainful activity." If so,
6 benefits are denied.
7     Second, if the person is not so engaged, it is determined whether
8 the person has a medically severe impairment or combination of
9 impairments. If the person does not have a severe impairment or
10 combination of impairments, benefits are denied.
11     Third, if the person has a severe impairment, it is determined
12 whether the impairment meets or equals one of a number of "listed
13 impairments." If the impairment meets or equals a "listed impairment,"
14 the person is conclusively presumed to be disabled.
15     Fourth, if the impairment does not meet or equal a "listed
16 impairment," it is determined whether the impairment prevents the person
17 from performing past relevant work. If the person can perform past
18 relevant work, benefits are denied.
19     Fifth, if the person cannot perform past relevant work, the burden
20 shifts to the Commissioner to show that the person is able to perform
21 other kinds of work. The person is entitled to benefits only if the
22 person is unable to perform other work. 20 C.F.R. §§404.1520, 416.920;
23 Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).
24     2. <u>Non-Examining Psychiatrist</u>
25     Plaintiff contends that the ALJ failed to properly consider the
26 opinion of the non-examining state agency psychiatric consultant, Dr.
27 Brian Taylor, in coming to his conclusion that plaintiff's mental
28

4

impairment was not severe and that plaintiff is therefore not entitled to benefits.

A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c); see also 20 C.F.R. § 404.1521(b)(describing basic work activities). Significantly, plaintiff is not required to establish total disability at this level of the evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 146 (1987); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)("Step two, then, is '"a de minimus screening device [used] to dispose of groundless claims.'")(citing Smolen v. Chater, 80 F. 3d 1273, 1290 (9th Cir. 1996)). An impairment will be considered non-severe when medical evidence establishes only a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on the individual's ability to work even if the individual's age, education, or work experience were specifically considered." Social Security Ruling 85-28; Bowen v. Yuckert, 482 U.S. at 154 n.12. "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d at 687 (citing Social Security Ruling 85-28).

Alleged mental impairments are evaluated under the same sequential analysis as physical impairments. Once the Commissioner determines that a mental impairment exists, the Commissioner must then evaluate the degree of functional loss it causes by rating plaintiff's level of

functional limitation in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) deterioration or decompensation in work or work-like settings. If an individual's limitations are rated as mild in the first three areas and the individual has had no episodes of deterioration or decompensation, the mental impairment will normally be found to be not severe. 20 C.F.R. § 404.1520a.

Here, the ALJ found that plaintiff has a medically determinable mental impairment of depression and/or adjustment disorder, but found the impairment to be non-severe. The ALJ relied on the fact that "the record of treatment does not show any psychiatric hospitalizations, does not include any evidence of psychotic episodes or psychotic features to his depression and does not indicate any inability on his part to essentially participate in normal work activities." (TR 24). The ALJ further found that "the medical evidence does not contain a competent psychiatric diagnosis of a significant mental impairment and does not show that the claimant has any significant functional limitations from his impairment." (Id.) The ALJ concluded that "this mental impairment has only a mild impact on the claimant's activities of daily living, social functioning and ability to maintain concentration, persistence and pace. It has not caused any episodes of decompensation of extended duration." (Id.)

In fact, plaintiff's treatment records indicate that on January 6, 2003 plaintiff was hospitalized at the West Los Angeles Veterans Administration Medical Center for an adjustment disorder with a depressed mood after he seriously contemplated suicide and called the suicide hotline. (TR 132). His Global Assessment of Functioning

6

("GAF") score at the time of admission was 15, indicating some danger of plaintiff hurting himself or others.[2] He was discharged four days later with a GAF score of 60, indicating moderate symptoms, with medications and a follow up appointment at the outpatient clinic.[3]

In addition, plaintiff is correct that the ALJ misstated the findings of the non-examining state agency psychiatrist, Dr. Brian Taylor. The ALJ summarized Dr. Taylor's opinion as concluding that plaintiff's mental impairment has "no significant impact on most areas of work function, except handling detailed tasks and instructions." (TR 24). However, Dr. Taylor actually found that plaintiff's mental impairment caused a mild to moderate impact on most areas relating to sustained concentration and persistence and a moderate impact on most areas of social interaction. (TR 470-71). Dr. Taylor also found that plaintiff had "one to two" episodes of decompensation of extended duration. (TR 484). These findings are not consistent with the finding of a mild impairment that has "no more than a minimal effect on plaintiff's ability to work." Social Security Ruling 85-28; Bowen v.

---

[2] A GAF score between 11 and 20 indicates **"some danger of hurting self or others** (e.g., suicide attempts without clear expectation of death; frequently violent; manic excitement) **OR occasionally fails to maintain minimal personal hygiene** (e.g., smears feces) **OR gross impairment in communications** (e.g., largely incoherent or mute). Diagnostic and Statistical Manual of Mental Disorders at 34(4th ed., Text Revision 2000 ("DSM-IV-TR"))(emphasis in original).

[3] A GAF score between 51 and 60 indicates **"moderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) **OR moderate difficulty in social occupational**, **or school functioning** (e.g., few friends, conflicts with peers or co-workers). DSM-IV-TR at 34.

7

Yuckert, 482 U.S. at 154 n.12.  Dr. Taylor in fact found plaintiff's mental impairment to be "severe."  (TR 486).  In light of the fact that the ALJ found that there was no competent psychological assessment of plaintiff in his medical records, the ALJ's failure to consider these findings or explain his rejection of them was error.  See Webb v. Barnhart, 433 F.3d at 687 (in reviewing the ALJ's finding of a non-severe impairment, the court "must determine whether the ALJ had substantial evidence to find that the medical evidence *clearly established* [the absence of a severe impairment]")(emphasis added).

In addition, after the ALJ had rendered his decision, plaintiff submitted to the Appeals Council a psychological impairment questionnaire completed by his treating psychiatrist, Dr. Neil Hartman. Dr. Hartman opined that plaintiff was moderately impaired in three areas of social functioning and in the ability to work in cooperation or proximity with others without being distracted by them. (TR 576-77).  He also gave plaintiff a GAF score of 60. (TR 575).

The ALJ's error is not harmless.  The vocational expert testified that a person with a mental impairment of moderate severity that has a moderate impact on the ability to perform complex tasks and a moderate impact on attention and concentration would not be able to perform plaintiff's past relevant work.  (TR 609).  The VE testified that plaintiffs' past relevant work involved complex tasks.  (TR 608).  Dr. Taylor found that plaintiff was limited to simple repetitive tasks in a low stress environment.  (TR 486).  The ALJ never gave the VE a hypothetical based on all the limitations set forth in either Dr. Taylor or Dr. Hartman's assessments to determine whether plaintiff could perform other work and made no independent determinations as to whether

plaintiff could perform other work.

Plaintiff may well be able to work. However, the ALJ failed to properly consider the assessment of the non-examining psychiatrist or give legally sufficient reasons for rejecting that opinion and the ALJ failed to consider plaintiff's record of hospitalization. As a result, the ALJ's finding that plaintiff's impairment was non-severe is not free from material legal error or supported by substantial evidence. Webb v. Barnhart, 433 F.3d at 687. Accordingly, remand is warranted. On remand, the Commissioner may want to consider having plaintiff evaluated by a consultative psychologist or psychiatrist.

## REMAND IS APPROPRIATE IN THIS CASE

The decision whether to remand a case for additional evidence is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Having considered the record as a whole, it appears that the present record is insufficiently developed.

## CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: April 27, 2006          / S /  
                               CAROLYN TURCHIN  
                               UNITED STATES MAGISTRATE JUDGE

9